# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CLIFTON TUNLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00327-DGK |
| | ) | |
| WAL-MART STORES, INC. and | ) | |
| WAL-MART ASSOCIATES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING JOINT MOTION FOR TRANSFER OF VENUE

This case arises from Plaintiff's employment with a Wal-Mart store in Roeland Park, Kansas. Now before the Court is the parties' Joint Motion For Transfer of Venue (Doc. 15).

The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In enacting section 1404, Congress meant to give district courts the discretion to transfer cases based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Ozarks Coca-Cola/Dr. Pepper Bottling Co. v. Coca-Cola Co.*, No. 06-03056-CV-W-GAF, 2006 WL 696461, at *4 (W.D. Mo. March 17, 2006). The party moving for transfer bears the burden of proof and must make a clear showing of the right to transfer. *Ozarks Coca-Cola*, 2006 WL 696461, at *4. In making its determination, the court weighs a variety of factors, including the convenience of the witnesses; the convenience of the parties; the availability of the judicial process to compel the attendance of unwilling witnesses; governing law; ease of access to sources of proof; the possibility of delay or prejudice if the transfer is granted; and practical considerations determining where the case can

be tried more expeditiously and inexpensively. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Where the balance of relevant factors is equal or weighs only slightly in favor of the movant, the motion to transfer should be denied. *Id.*

Prior to this motion, Defendants filed a motion to transfer venue to the District of Kansas (Doc. 10). In that motion, Defendants discuss the factors supporting a change of venue in this case. Now the parties jointly move to transfer venue to the District of Kansas.

The facts of this case weigh in favor of granting a change of venue. Defendants state all or nearly all of the witnesses, the business records, and potential exhibits are in Kansas. In addition, the events giving rise to this cause of action occurred in Kansas. Defendants state they are subject to personal jurisdiction in Kansas. Also, Defendants anticipate transferring this matter would not cause a significant delay in this case. Finally, Defendants state given the location of the underlying events, witnesses, and business records, litigating in Kansas would be more convenient for the parties. Also weighing in favor of transfer is Plaintiff's consent to transfer this case.

Accordingly, the Court finds it appropriate to grant the motion to transfer this case to the District of Kansas.

**IT IS SO ORDERED.**

DATE:   August 28, 2017   　　　　　　　　/s/ Greg Kays　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT